**FILED**

**AUG 0 5 2002**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAIMA MEZHER<br>6925 LAFAYETTE PARK DRIVE<br>ANNANDALE, VA 22003,<br>703-623-9494<br>    PLAINTIFF,<br><br>        v.<br><br>BLOOMBERG<br>529 14TH STREET, N.W.<br>SUITE 228<br>WASHINGTON, D.C 20045,<br><br><br>        DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NUMBER  1:02CV01533<br>)  JUDGE: Ellen Segal Huvelle<br>)  DECK TYPE: Employment Discrimination<br>)  DATE STAMP: 08/●/2002<br>)<br>)<br>)<br>) |

JURY ACTION

## COMPLAINT AND JURY DEMAND

### I. Preliminary Statement.

This is an action brought by Jamaima Mezher, a Lebanese female employee, under Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e-16. This action seeks compensatory and punitive damages as well as equitable relief against defendant Bloomberg as a result of Defendant's discrimination against Plaintiff because of her national origin Lebanese.

### II. Jurisdiction.

1.  This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(e) *et seq.* as amended by the Civil Rights Acts of 1966, 1972, and 1991 (hereinafter "Title VII").

1

2.  On May 6, 2002, the United States Equal Employment Opportunities Commission (hereinafter "EEOC") mailed to Plaintiff a Notice of Right to Sue. This suit has been filed within 90 days of receipt of the Notice of Right to Sue. Plaintiff has satisfied all administrative and judicial pre-requites to the institution of this suit.

### III. Venue.

3.  The venue of this action is properly place in the United States District Court for the District of Columbia pursuant to 29 U.S.C. § 1391 (b) and 42 U.S.C. § 2000e-5(f)3 because Plaintiff's was worked in this judicial district and because the unlawful employment practices alleged herein occurred in this judicial district.

### IV. Parties.

4.  Plaintiff Jamaima Mezher is a Lebanese female, a resident of Annandale, Virginia, an employee of the Defendant, and an "employee" within the meaning of Title VII.

5.  Defendant Bloomberg is corporation licenced to do business in the District of Columbia with offices located at 529 14th Street N.W. Washington, D.C and is an "employer" within the meaning of Title VII.

### V. Facts.

6.  In *** Jamaima Mezher sought a managerial position with the Defendant in response to a Bloomberg advertisement.

7.  Plaintiff was extensively interviewed by official of the company. During the course of the interview she was questioned respecting her views on Lebanon.

8. Plaintiff's was not offered the position for which she had applied but was offered the position as the receptionist. Complainant accepted the offer believing that she would demonstrate her competence and obtain advancement.

9. Plaintiff's first-line manager was Miranda Nash. Shortly after Plaintiff was hired, Nash began exhibiting hostility towards Plaintiff due to her National Origin, Lebanese.

10. Nash repeatedly demonstrated hostility to Lebanon, derided Lebanon as a terrorist country, and on a number of occasions identified Complaint with Lebanon, and accused Complainant of being a terrorist. Nash stated in front of her manager Janice and other employees that "you better not upset Jamima or she will blow up the building".

11. Plaintiff told Nash that she was offended by the comment but Nash continued her hostility towards Plaintiff.

12. Not only did Nash make derogatory comments about Plaintiff's national origin but she also subjected complainant to numerous acts of disparate and discriminatory working conditions such as:

    A. Denying Plaintiff a trip to New York headquarters for initial orientation and training until almost three months later, when the practice was to be sent within the first month

    B. Plaintiff was the only employee whose sick leave days were deducted from her vacation schedule.

    C. Plaintiff was not permitted to use the bathroom after 4 p.m. when Nash left the office for the day.

D.  Plaintiff was denied training, and Miranda Nash falsely reported that Plaintiff had extended training privileges.

E.  Plaintiff's working schedule was arbitrarily changed, and she was threatened with discharge if she did not acquiesce.

F.  Nash refused to permit Plaintiff to attend basic staff meetings even though the meetings related to her work responsibilities.

13. Plaintiff continuously protested these disparate conditions and the hostile environment about which she was being subjected to Janice, her second line supervisor to no avail. The only response Plaintiff received was that if she did not like it, she could leave.

14. On March 12, 2001, without notice or warning, Plaintiff's employment with the Defendant was unlawfully terminated. Defendant provided no explanation to Plaintiff as to the reason for her discharge.

15. .Plaintiff has suffered and will continue to suffer emotional breakdown, physical illnesses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

16. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged, and is now suffering, and will continue to suffer irreparable injury from Defendant's treatment unless the Defendant is enjoined by this Court.

## COUNT ONE

### National Origin Discrimination in Violation of Title VII

## of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991

### Hostile Work Environment

17. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 16 of this Complaint as if specifically alleged herein.

18. Through the above-described acts and conduct, Defendant has discriminated against Plaintiff on the basis of her national origin by subjecting her to hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

19. Defendant engaged in the above-described discriminatory acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct;

c. Award Plaintiff lost wages and benefits;

d. Award Plaintiff appropriate compensatory damages;

e. Award Plaintiff appropriate punitive damages;

f. Award Plaintiff her costs and attorneys' fees; and

g. Award Plaintiff such other and further relief as may be deemed just and proper.

## COUNT TWO

## National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991

### Disparate Treatment

20. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 19 of this Complaint as if specifically alleged herein.

21. Through the above-described acts and conduct, Defendant has discriminated against Plaintiff on the basis of her national origin by subjecting her to disparate working conditions in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

22. Defendant engaged in the above-described discriminatory acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct;

c. Award Plaintiff lost wages and benefits;

d. Award Plaintiff appropriate compensatory damages;

e. Award Plaintiff appropriate punitive damages;

f. Award Plaintiff her costs and attorneys' fees; and

g. Award Plaintiff such other and further relief as may be deemed just and proper.

## COUNT THREE

### National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991

### Discriminatory Discharge

23. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 22 of this Complaint as if specifically alleged herein.

24. Through the above-described acts and conduct, Defendant has discriminated against Plaintiff on the basis of her national origin by terminating her employment due to her national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

25. Defendant engaged in the above-described discriminatory acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct;

c. Award Plaintiff lost wages and benefits;

d. Award Plaintiff appropriate compensatory damages;

e. Award Plaintiff her costs and attorneys' fees; and

f. Award Plaintiff such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jamaima Mezher, by and through her under-signed counsel, herewith demands a trial by jury on all issues in this case.

Respectfully submitted,

*/s/ Jamaima Mezher*
Jamaima Mezher
6925 Lafayette Park Drive
Annandale, Va 22003,
(703) 623-9494

Pro Se